## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

Chaya Braun, individually and on behalf of all

others similarly situated,

                                          Plaintiff,

            -v.-

I.C. System Inc.,

                                          Defendant(s).

Civil Action No: 7:22-cv-2492

**CLASS ACTION COMPLAINT**

**DEMAND FOR JURY TRIAL**

Plaintiff Chaya Braun (hereinafter, "Plaintiff") brings this Class Action Complaint by and through her attorneys, Stein Saks, PLLC, against Defendant I.C. System Inc. (hereinafter, "Defendant") individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

### INTRODUCTION/PRELIMINARY STATEMENT

1.      Congress enacted the Fair Debt Collection Practices Act ("the FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective

collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2.      Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate *Id.* §l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3.      The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq.  The Court has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides, as well as where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5.      Plaintiff brings this class action on behalf of a class of New York consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6.      Plaintiff is seeking damages and declaratory relief.

## PARTIES

7.      Plaintiff is a resident of the State of New York, County of Rockland.

8.      Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) with a mailing address of P.O. Box 64378 St. Paul, MN 55164 and an address for service of process at C T Corp. System 28 Liberty St., New York, NY 10005.

9.      Upon information and belief, Defendant is a company that use the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

## CLASS ALLEGATIONS

10.     Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

11.     The Class consists of:

    a.  all individual consumers in New York whom are Medicaid Beneficiaries;

    b.  to whom Defendant sent a collection letter attempting to collect a consumer debt;

    c.  on behalf of another;

    d.  which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

12.     The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

13.     Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

14.     There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue

is whether the Defendant's written communications to consumers, in the forms attached as Exhibit A, violates 15 U.S.C. §§ l692(e) and 1692(f) et seq.

15.     The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

16.     This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    a.  **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

    b.  **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions' predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the forms attached as Exhibit A violate 15 U.S.C. §§ l692(e) and 1692(f) et seq.

    c.  **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

    d.  **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent

class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e.  **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

17.    Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

18.    Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

19.    Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

5

20.     Some time prior to January 18, 2021, on a date better known to Defendant, an obligation was allegedly incurred to the creditor, Hudson Valley Radiology Associates, PLLC.

21.     Upon information and belief, Hudson Valley Radiology Associates, PLLC contracted with Defendant for the purpose of debt collection. Defendant uses the instrumentalities of interstate commerce or the mails in its business, the principal purpose of which is the collection of debts. Defendant also regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Therefore, Defendant is a "debt collector" as defined by 15 U.S.C.§ 1692a(6).

22.     Upon information and belief, the subject debt was incurred by Plaintiff solely for personal, household or family purposes, specifically medical services.

23.     The Plaintiff is a "consumer" as defined by 15 U.S.C.§ 1692a(3).

24.     The subject obligation is consumer-related, and therefore a "debt" as defined by 15 U.S.C.§ 1692a(5).

### *Violation – Collection Letter*

25.     On or about February 1, 2022, Defendant sent the Plaintiff a collection letter regarding the alleged debt owed to Hudson Valley Radiology Associates, PLLC. (See "Letter" at Exhibit A.)

26.     As an initial matter, the subject letter is undated, which casts a light of illegitimacy on Defendant's collection practices.

27.     Plaintiff is a Medicaid beneficiary.

28.     Upon information and belief, Hudson Valley Radiology Associates, PLLC agreed to accept Medicaid benefits from Plaintiff.

29.    Upon information and belief, Hudson Valley Radiology Associates, PLLC is enrolled in the Medicaid program as a Medicaid provider.

30.    A provider agrees to accept payment under the Medicaid program as payment in full for services rendered.

31.    A provider may not make a private pay agreement with a beneficiary to accept a Medicaid fee for a particular covered service and then provide a different upgraded service and agree to charge the beneficiary only the difference in fee between two services, in addition to billing Medicaid for the covered service.

32.    Upon information and belief, Hudson Valley Radiology Associates, PLLC received full payment from Medicaid for Plaintiff's medical services.

33.    Plaintiff received notice from Medicaid that the total amount she may be billed for the subject medical services was $0.00.

34.    Hudson Valley Radiology was specifically included on Plaintiff's letter from Medicaid as well as the relevant dates of medical service.

35.    Defendant lists the amount paid/credits toward her debt as $938.15. Upon further information and belief, this amount represents the full amount paid to Hudson Valley Radiology Associates, PLLC by Medicaid.

36.    Nevertheless, Defendant lists a total amount of the debt now as $81.85.

37.    This amount is not authorized by the agreement creating the debt or permitted by law.

38.    According to Medicaid, once a provider sees a beneficiary and advises them that their Medicaid card is valid and that eligibility exists for the date of service and treats the individual,

the provider may not change their mind and bill the beneficiary for that service or any part of that service.

39.    Upon information and belief, Defendant engages in a regular practice of perpetuating Medicaid fraud by dunning Medicaid recipients for additional payments for medical services already paid for in full by Medicaid.

40.    To make matters worse, Defendant unduly pressures Medicaid recipients to pay additional funds for medical services that were already paid for in full by sending out dunning letters to make it appear as if money is truly owed.

41.    Debt collectors are not permitted to dun Medicaid recipients unless it is for a co-payment.

42.    Upon information and belief, $81.85 does not represent a co-payment. Therefore, Defendant's collection attempts were unlawful.

43.    Plaintiff's letter from Medicaid specifically states that her deductible was already met for the relevant time period.

44.    The letter from Medicaid also expressly states that "this service is paid at 100% of the Medicare approved amount."

45.    Furthermore, a Medicaid beneficiary must not be referred to a collection agency for collection of unpaid medical bills or otherwise billed when the provider has accepted the enrollee as a Medicaid patient.

46.    Plaintiff has a right to be free from collection efforts on debts that are clearly not her obligation to pay.

47.    Congress has a right to pass laws to protect the rights of consumers.

48.    Congress passed the FDCPA with these types of deceptive tactics in mind.

49.    Plaintiff suffered a concrete harm by receiving a collection letter for a debt that she obviously does not owe.

50.    Specifically here, Plaintiff's right bears a close relationship to the common law doctrines of invasion of privacy and fraud. These harms were traditionally recognized as providing a basis for a lawsuit in American courts. Although not exact duplicates of the common law analogues, these doctrines provide an underlying legitimacy for Congress's express right to create laws and protect consumers from particular harms.

51.    As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

**COUNT I**

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692e *et seq.***

52.    Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

53.    Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

54.    Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

55.    Defendant violated §1692e:

    a.    By falsely representing the character, amount and/or legal status of the debt in violation of § 1692e(2)(A);

    b.    By falsely representing that compensation may be lawfully received by the debt collector for the collection of the debt, in violation of § 1692e(2)(B);

    c.    By making a false and deceptive representation in violation of §1692e(10).

56.    By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692f *et seq.*

57.    Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

58.    Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

59.    Pursuant to 15 U.S.C. §1692f, a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

60.    Defendant violated §1692f:

a.  By collecting an amount not expressly authorized by the underlying agreement or permitted by law.

61.    By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

62.    Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## <u>PRAYER FOR RELIEF</u>

**WHEREFORE**, Plaintiff Chaya Braun, individually and on behalf of all others similarly situated, demands judgment from Defendant I.C. System Inc. as follows:

1.    Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Tamir Saland, Esq. as Class Counsel;

2.    Awarding Plaintiff and the Class statutory damages;

3.    Awarding Plaintiff and the Class actual damages;

4.    Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5.    Awarding pre-judgment interest and post-judgment interest; and

6.    Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: March 28, 2022                                        Respectfully Submitted,

**STEIN SAKS, PLLC**

  **/s/ Tamir Saland**
Tamir Saland, Esq.
One University Plaza, Ste. 620
Hackensack, NJ 07601
Ph:  201-282-6500 ext. 122
Fax: 201-282-6501
tsaland@steinsakslegal.com
*Counsel for Plaintiff*